UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLYRAY MCCLOSKEY,<br>RILEY MCCLOSKEY,<br>and CRYSTAL RED HAWK,<br><br>Defendants. | 3:14-CR-30001-01-02-03-RAL<br><br>OPINION AND ORDER GRANTING IN<br>PART RESTITUTION REQUESTS |

At the times when this Court sentenced each of the Defendants in this case, the issue of the amounts of restitution was left open for later decision. On January 21, 2015, the Government submitted a letter setting forth a restitution request, to which was attached handwritten calculations without any receipts. The Defendants each objected to the amount of restitution being sought. On February 23, 2015, this Court held an evidentiary hearing on the amount of restitution to be awarded.

The section of the Mandatory Victims Restitution Act (MVRA) at issue is 18 U.S.C. § 3663A(b)(3), which for a case "of an offense resulting in bodily injury that results in the death of the victim," the court is to require defendants to "pay an amount equal to the cost of necessary funeral and related services." The Defendants in this case murdered Benjamin Clifford and Calvin Kills In Water, Jr. The families of these two victims are entitled to "an amount equal to the cost of necessary funeral and related services."

1

Calvin Kills In Water, Sr. submitted a sheet of calculations for funeral and wake costs and then a figure for a one-year memorial for his son, but with no receipts and with round figures suggesting that the figures were estimates or guesses at actual costs. Calvin Kills In Water, Sr. chose not to attend the February 23, 2015 hearing for the understandable reasons that he felt himself not emotionally able to withstand another trip to federal court; he has been in court in connection with this case previously and has been visibly distraught in dealing with the utterly senseless, brutal, and heartless murder of his son. Sadly, criminal cases involving deaths in Indian country are not unusual in this Court. The Government provided in its letter information on the average cost of Native American traditional funerals, and the Defendants and the Government agreed that $7,000.00 was an appropriate amount for "the cost of necessary funeral and related services" under § 3663A(b)(3). Absent testimony regarding the plans for a one-year memorial, especially now that more than one year has elapsed since the murders, this Court does not feel comfortable extending restitution under these circumstances to a memorial as well. The $7,000.00 amount likely is low, but there was no testimony at the hearing to justify a higher amount.

As concerns Benjamin Clifford's funeral, wake, and one-year memorial, this Court heard testimony from two of Benjamin Clifford's siblings. In Lakota Indian culture, the larger community often is involved in meals, and the family has giveaways to honor and remember their deceased loved one often at a memorial service held one year following the death. This Court has awarded restitution for expenses for such events, and the United States Court of Appeals for the Eighth Circuit has recognized the propriety of doing so. United States v. Iron Cloud, 312 F.3d 379 (8th Cir. 2002) (determining $3,000.00 for traditional Native American giveaway ceremony in commemoration of a victim to be "necessary funeral or related service"

2

under MVRA). However, travel and motel expenses for those attending the funeral, wake and later memorial service do not qualify as "necessary funeral or related service."

The siblings of Benjamin Clifford testified to expenses incurred and plans for a May of 2015 memorial for Benjamin Clifford and about some expenses for the funeral and wake. Binding that testimony with what the Government proffered as average expenses, the appropriate amount of restitution $1,300.00 for headstone, $1,500.00 for funeral director, $2,300.00 for casket, $1,600.00 for meal expenses for wake and funeral, $300.00 for drum group, $300.00 for flowers, $4,500.00 for giveaways at funeral and wake, and $3,900.00 for memorial services expenses and giveaways, for a total of $15,700.00.

Therefore, it is hereby

ORDERED that amended judgments be prepared to require each Defendant, jointly and severally, to pay restitution of $7,000.00 to Calvin Kills In Water, Sr., and $15,700.00 to Calvin Iron Shell/Sarah Clifford, with the payments divided proportionately between the payees, with the usual percentage withheld from the prisoner's inmate funds, and with remaining amounts paid in increments of $250.00 per month beginning 60 days after any release of any Defendant from prison.

DATED this 24th day of February, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE